*E-Filed 3/15/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO RESIDENCE CLUB, et al., <br><br>   Plaintiffs, <br>   v. <br><br> HENRY AMADO, et al., <br><br>   Defendants. <br> _____ / | No. C 09-2054 RS <br><br> **ORDER GRANTING LEAVE TO SEEK RECONSIDERAITON** |

## I.   INTRODUCTION

Plaintiffs Thomas O'Shea, individually and as Trustee for the Trust of Thomas P. and Anne O'Shea ("the Trust") seek leave to file a motion for reconsideration of the portion of this Court's Order granting defendants' motion for summary judgment. The Order found that the moving defendants—Ed Broda, Aspire Real Estate, Pacific West Securities—had successfully argued that no material facts existed as to whether Thomas O'Shea and the Trust were the moving defendants' clients.[1] As at least three of plaintiffs' claims assumed a client relationship, the Order resolved them in favor of Broda, Aspire, and PWS. These plaintiffs now ask the Court to reconsider this finding,

---

[1] The Order also noted that the remaining defendants, Henry Amado, Abacus Financial Group, and White Sands Estates, joined the motion insofar as moving defendants' general arguments would have resulted in the dismissal of claims brought against them. Upon review of the docket, it is apparent that defendants Fish and G.D. Fish and Associates also filed a joinder motion.

and introduce new deposition testimony of Ed Broda. No defendant has opposed the request or otherwise indicated its position. In light of the new testimony, where Broda appears to acknowledge that Thomas O'Shea and the Trust were not only his but also PWS' clients, plaintiffs' motion for leave to seek reconsideration shall be granted.

## II.  LEGAL STANDARD & DISCUSSION

The Local Civil Rules of the Northern District of California provide that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case" any party may request leave to file a motion for reconsideration of an interlocutory order. N.D. Cal., Civil L.R. 7-9(a). Reconsideration generally is appropriate where a party can show that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order," and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Rule 7-9(b)(1). A party might also introduce a "new material fact or a change of law occurring after the time of such order." Rule 7-9(b)(2). Finally, a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order" can warrant reconsideration. Rule 7-9(b)(3).

In the Order, the Court granted moving defendants' motion for summary judgment on O'Shea and the Trust's claims that Broda, Aspire and PWS violated both section 12 of the 1933 Securities Act and section 3372 of the California Civil Code, and breached their duties as fiduciaries. "It does not appear," the Order reasoned, "that Broda or the other two defendants had any meaningful connection to [O'Shea and the Trust]." In their respective motions, Broda denied that he acted as financial adviser to, and PWS denied a client relationship with, the "plaintiffs" (at least with respect to the White Sands Estate investment). In their opposition brief and in the attendant affidavits and declarations, plaintiffs did present evidence sufficient to create a triable issue of fact as to a business relationship between defendants and Kevin and Kate Donahue, the SFRC entity, and the Donahue O'Shea entity. As defendants pointed out in their reply brief,

however, plaintiffs had not actually addressed defendant's relationship to O'Shea and the Trust on the one hand and the defendants on the other.

In their motion for reconsideration, however, O'Shea and the Trust introduce deposition testimony taken after the briefing was completed and the motion was under submission. In that deposition, plaintiffs' attorneys asked Broda, "Thomas and Anne Donahue O'Shea, as trustees of the trust of Thomas and Anne O'Shea were clients of Pacific West[?]" Broda replied, "Yes." The attorney then asked, "Did you encourage Mr. or Mrs. O'Shea to invest in the White Sands project [using] the proceeds of the sale of the Vestawood property in Birmingham, Alabama?" Broda acknowledged that he had. Plaintiffs explain that the deposition was long delayed in light of a contentious disputes as to this particular deposition. The dispute was essentially resolved in a discovery order issued by a Magistrate Judge several weeks after plaintiffs filed their opposition brief with this Court. The parties appear to have duly scheduled the deposition, and plaintiffs informed this Court of the new information in their motion for reconsideration.

Accordingly, plaintiffs have adequately demonstrated that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order," and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Rule 7-9(b)(1). The Order's resolution of O'Shea and the Trust's claims in favor of the moving defendants assumed no material facts existed to suggest a client relationship. If material facts do indeed exist, the Order's outcome would of course be different. Accordingly, plaintiffs' motion for leave to seek reconsideration is granted. The Court is apprised of plaintiffs' argument, but defendants may file any objection within ten days of this Order. Should plaintiffs wish to reply, they must do so within seven days of defendants' objection. Both sides are limited to a submission of no more than seven pages.

IT IS SO ORDERED.

Dated: 3/15/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 09-2054 RS
ORDER

3