*E-Filed 3/28/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO RESIDENCE CLUB, et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>ABACUS FINANCIAL GROUP, LLC, et al.,<br><br>           Defendants.<br>_____ / | No. C 09-2054 RS<br><br>**ORDER GRANTING PLAINTIFFS' REQUEST FOR RECONSIDERAITON** |

Plaintiff Thomas O'Shea, individually and as Trustee for the Trust of Thomas P. and Anne O'Shea ("the Trust"), sought leave to file a motion for reconsideration of the portion of this Court's Order granting defendants' motion for summary judgment ("Summary Judgment Order"). In that motion, plaintiffs introduced new evidence obtained in a deposition taken after defendants' motion for summary judgment was under submission. Plaintiffs argued that the information at the least introduced a question of material fact as to whether defendants Broda, the Aspire corporations, and Pacific West Securities ("PWS") had a business relationship with O'Shea and the Trust. The Court agreed, granted the request to seek reconsideration, and afforded the relevant defendants ten days to file an objection. Defendants did so on March 25, 2011. They do not disagree that the deposition testimony introduces a disputed issue of material fact. Instead, the "objection" is styled as

defendants' own version of a request to seek reconsideration of elements of the Order that were decided unfavorably for defendants.  Because defendants have supplied no argument as to why O'Shea and the Trust's claims should not go forward, and for the reasons identified in the previous Reconsideration Order, those portions of the Summary Judgment Order dismissing these plaintiffs' claims are withdrawn.

As to defendants' request, it must be denied.  As the parties know well, the Local Civil Rules of the Northern District of California provide that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case" any party may request leave to file a motion for reconsideration of an interlocutory order.  N.D. Cal., Civil L.R. 7-9(a).  Reconsideration is appropriate where a party can show that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order," and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order."  Rule 7-9(b)(1).  A party might also introduce a "new material fact or a change of law occurring after the time of such order."  Rule 7-9(b)(2).  Finally, a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order" can warrant reconsideration.  Rule 7-9(b)(3).

Unlike plaintiffs, defendants introduce no new facts (or legal arguments, for that matter).  Instead, they raise arguments already considered in the Summary Judgment Order, with one exception.  Defendants point out that the Order did not give separate treatment to the two Aspire Corporations.  Because defendants' motion did not appear to make separate arguments for why Aspire Investments, as opposed to Aspire Real Estate, might have a different business relationship to the plaintiffs, the Order considered them together.  As the request for reconsideration also fails to explain how one, but not the other, might be able to establish a lack of any disputed, material fact on any of plaintiffs' claims, reconsideration will not be granted.  As to defendants' complaint that the Order did not address the business relationship between defendants and the SFRC and the Donahue, O'Shea companies, defendants are directed to pages 9 and 16 of the Summary Judgment Order.  In

No. C 09-2054 RS
Order

2

response to their suggestion the Court ignored their argument that "no security existed" at the time of their involvement, defendants are reminded that plaintiffs introduced a different factual theory, where Broda's involvement was *continuous*. The Court did not agree or disagree with either theory, but recognized instead what clearly amounted to disputed issues of material fact. For all these reasons, defendants' procedurally defective request for reconsideration will not be entertained further.

IT IS SO ORDERED.

Dated: 3/28/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE