IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO RESIDENCE CLUB, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY A. AMADO, SR., et al.,<br><br>Defendants. | Case No.: C09-2054 RS (JSC)<br><br>**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT (DKT. NO. 227)** |

Now pending before the Court is Plaintiffs' Motion to Enforce Settlement. (Dkt. No. 227.) After carefully considering the parties' submissions, including review of the written settlement agreement, the Court concludes that oral argument is unnecessary, see Civil L.R. 7-1(b), and GRANTS Plaintiffs' motion. The Court shall enter judgment in favor of Plaintiff Donahue O'Shea LLC and against Defendants Henry A. Amado, Sr., Edward S. Broda, Gregory Fish and G.D. Fish & Associates, Inc., in the total amount of $41,666.00. The Court shall also enter judgment in favor of Plaintiff Donahue O'Shea LLC and against Defendants Henry A. Amado, Sr. and Edward S. Broda for the additional amount of $1,250.00 for attorney's fees incurred by Plaintiffs because of the breach of the Settlement Agreement.

The parties entered into a written settlement agreement in 2011 ("the Settlement Agreement"). (Dkt. No. 235.) Among other things, the Agreement provided that Defendants

Henry Amado, Edward Broda, Gregory Fish and G.D. Fish & Associates, Inc., jointly and severally, would pay $25,000 to Plaintiff Donahue O'Shea, LLC on or before December 15, 2011. (Id. Ex. B ¶ 1.) The Settlement Agreement further provided that should the payment not be made, "Plaintiffs may cause to be entered the stipulated judgment executed by Amado, Broda and Fish in the form attached hereto as Exhibit B hereto and incorporated herein by this reference in the amount of $50,000." (Id.) The parties also agreed that the undersigned judge would maintain jurisdiction to enforce the terms of the Settlement Agreement "and that such jurisdiction shall continue until the payment of all sums due under this Agreement." (Id., Ex. A ¶ 12.) Further, "[i]n the case of breach, the prevailing party shall be entitled to the award of attorney fees relating to the breach." (Id.)

Unfortunately, at the time of the execution of the Settlement Agreement, Defendants did not sign the stipulated judgment as required. Defendants also did not make the $25,000 December 2011 payment; instead, Defendant Amado alone paid Plaintiffs $8,334.00 (one third of $25,000). Since that time Defendants have not paid any additional funds. Thus, Defendants are in default of their obligation under the Settlement Agreement to pay $25,000 by December 15, 2011. Under the plain terms of the Agreement, Plaintiffs are therefore entitled to judgment in the amount of $50,000, plus their attorney's fees incurred because of Defendants' breach, less the $8,334.00 already paid.

Defendant Broda did not respond to Plaintiffs' motion to enforce. Defendants Amado and Fish assert that they are not in breach of the Agreement because in December 2011 Mr. Amado offered to pay Plaintiffs the full $25,000 provided they agreed to assign the Stipulated Judgment to him, but they refused. The Court is unpersuaded. Nothing in the Settlement Agreement required Plaintiffs to assign anything to Defendants. Instead, the Agreement unequivocally required Defendants, *jointly and severally*, to pay Plaintiffs $25,000 by December 15, 2011; if they did not satisfy this obligation, Plaintiffs were entitled to a judgment in the amount of $50,000.00.

Mr. Amado's contention that Defendants have not complied with other, independent obligations under the Agreement is also unpersuasive. If Defendants have good cause for

2

seeking to enforce the Settlement Agreement they may do so, but no such motion is currently pending. On the motion and record before the Court, the Court finds that Defendants Amado, Fish and Broda breached their joint and several obligation to pay Plaintiffs $25,000 and therefore Plaintiffs are entitled to a judgment in the amount of $50,000.00

## CONCLUSION

Under the plain terms of the Settlement Agreement Plaintiff Donahue O'Shea LLC is entitled to a judgment in the amount of $50,000 if Defendants Amado, Fish and Broda did not pay them $25,000 by December 15, 2011. Defendants only paid $8,334.00. Accordingly, Plaintiff is entitled to judgment in the amount of $41,666.00 ($50,000 less the amount paid), plus $1,250.00 in attorney's fees incurred as a result of the breach by Defendants Amado and Broda.

This Order disposes of Docket No. 228. The Court will order judgment accordingly.

**IT IS SO ORDERED.**

Dated: June 11, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE